### DAVIS *vs.* FOSTER ET ALS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The Supreme Court will not disturb a verdict based on a fact, which by the evidence is doubtful.

The plaintiff, formerly master of the steam tow boat Porpoise, claimed from the owners the value of his services while on the boat, and those of his slave, and for disbursements made for the boat.

The defendants pleaded the general denial, and claimed in reconvention damages for the negligence of the plaintiff, while the Porpoise was towing the ship Helen Mar, for negligently permitting the ship to ground at the English Turn, on the right bank of the Mississippi river.

Judgment was rendered for the plaintiff, and the defendants appealed.

The opinion of the court, MATHEWS, J. absent, w as delivered by PORTER, J.

EASTERN DIS.
May, 1833.

DAVIS
vs.
FOSTER ET ALS

This is an action to recover money due to the plaintiff for services rendered on board a steamboat, of which the defendants were owners, and for advances of money made for the use of the boat during the period of these services.

The answer denies the indebtedness of the defendants, and avers that if any claim, such as that set up by the petitioner, should be proved against them, then they plead in reconvention and demand from the plaintiff the sum of four hundred and sixty dollars, a loss which they sustained in consequence of the unskilful and negligent conduct of the plaintiff while in command of their vessel.

The questions suggested by the record appear to us of fact alone. The negligence seems to be imputed on two grounds: First, that the captain was not on deck when the ship and the steamboat that towed her went ashore. Second, that there was a want of due caution in approaching so near the bank of the river at the place where the accident happened. It was at a spot where there is an eddy in the current, and the course of which varies much. On the first point we see no ground to fix the charge negligence on the captain. It is true he was not on the upper deck when the accident happened, but he had gone below, leaving the regular pilot belonging to the boat, at the helm, and we do not understand that it is the duty of masters of steamboats to remain constantly on deck. There may be places in the river where the navigation is so peculiarly dangerous, that an absence of the captain from that part of the vessel where he could direct her movements to meet contingent events, would perhaps justly expose him to the imputation of negligence. Whether this was such a place, or whether it was one that he might not have justly considered the ordinary skill of the pilot was adequate to, were questions submitted to the jury, and we are unable to say they erred.

On the other point, whether the steamboat did not approach too close to the shore, the evidence does not support so clearly the verdict. It leaves the question however doubtful, and it does not so preponderate on the part of the

Eastern Dis.
May, 1833.

The Supreme
Court will not dis-
turb a verdict bas-
ed on a fact, which
by the evidence is
doubtful.

defendants, as to authorise the court to set aside the verdict of the jury.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

*Grymes*, for appellants. *Preston*, for appellee.